IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-1296-NJR-DGW |
| JACQUELINE LASHBROOK, NEW, JOHN DOE, MS. PRICE, | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Leave to file Second Amended Complaint filed by Plaintiff on July 24, 2018 (Doc. 36), the Motion for Leave to File Supplemental Complaint filed on September 27, 2018 (Doc. 40), the Motion for Notice filed on October 1, 2018 (Doc. 41), and the Motion for Clarification filed on October 18, 2018 (Doc. 43). The motion to amend is **DENIED AS MOOT** (Doc. 36), the motion to supplement is **GRANTED IN PART** (Doc. 40), the motion for notice is **DENIED** (Doc. 41), and the motion for clarification is **DENIED WITHOUT PREJUDICE** (Doc. 43).

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). In his proposed pleadings, Plaintiff seeks to substitute the John Doe party with a named party, Cindy Gimber. He also is adding a claim, related to his original claim (that his First Amendment rights were violated when he was denied a copy of "Issue No. 10 of 'Phat Puffs' (Spring 2017)

and 'Phat Puffs Shotz'" in June 2017), that he was denied a "set of phat puffs no nudity shotz" in February 2018. Defendants' only argument in response is that Plaintiff is attempting to seek piecemeal amendment of his complaint, a procedure that is not favored. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632 n.1 (7th Cir. 2004). Defendants' point is well taken, and Plaintiff's motion for notice is accordingly **DENIED** and his motion for clarification is **DENIED AS MOOT**. If Plaintiff wishes to amend his complaint, he shall file a motion to amend consistent with Rule 15 and Local Rule 15.1. However, Plaintiff's "supplemental complaint" is in fact an amended complaint as it contains all the details required by Federal Rule of Civil Procedure 8. Defendant has made no argument that would caution to the Court to deny the motion in light of Rule 15's liberal pleading requirements. As such, Plaintiff's first motion to amend is deemed **MOOT** and his second motion, which is in fact a request to amend, is **GRANTED** as such. Plaintiff shall now proceed on two claims:

> **Count 1 -** First Amendment claim against Defendants for denying Plaintiff's request for a copy of Issue No. 10 of "Phat Puffs" (Spring 2017) and "Phat Puffs Shotz."
>
> **Count 2 -** First Amendment claim against Defendants for denying Plaintiff's request for a copy of a "set of phat puffs no nudity shotz" requested in February 2018.

The Clerk of Court is **ORDERED** to file Plaintiff's Second Amended Complaint (attached to Doc. 40) and to initiate service of process on the new Defendant, Cindy Gimber. To that end, the Clerk of Court shall prepare for **Defendant Gimber**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms and copies of the second amended complaint and this Order to Defendant's places of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date

the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**DATED: November 29, 2018**

                                                 **DONALD G. WILKERSON**
                                                 **United States Magistrate Judge**