IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. THORNTON,
#Y19115,

      Plaintiff,

v.

JACQUELINE LASHBROOK,
MISTY NEW,
REGINA PRICE,
CYNTHIA GIMBER, and
PAMELA SCOTT,

      Defendants.

Case No. 17-cv-01296-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is currently before the Court on several motions filed by *pro se* Plaintiff Charles Thornton. Each motion is discussed in turn below.

      **I.**    **MOTION TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS (DOC. 150) AND AMENDED MOTION TO TAKE NON-STENOGRAPHIC DEPOSITIONS (DOCS. 162, 168)**

      On November 20, 2019, Thornton filed a motion requesting to take the depositions of Defendants Lashbrook, New, Price, Gimber, and Scott, "along with a witness by the name of Patricia Stewart and possible a few more witness[es] by written questions." (Doc. 150, p. 1-2). He seeks to ask why the Phat Puffs magazine and photos were deemed obscene and sexually explicit by Defendants and inquire into specifics regarding his retaliation claim. Thornton asks for an unoccupied room at the prison, a tape recorder, arrangements to swear in Defendants, such as the presence of a notary public, and a

person to operate the tape recorder. He states that this method is less costly than an oral deposition, and he asks that a copy of the deposition and questions be filed with the Court. Thornton requests that the Court arrange for this procedure. (Doc. 150).

On December 11, 2019, Thornton filed a motion asking to take non-stenographic depositions of Defendants and witnesses (Doc. 162, p. 2), and then in March 2020, he filed a motion to amend the motion. (Doc. 168). The motion to amend the motion to take non-stenographic depositions under Rule 30 is granted. In the amended motion, Thornton states he is seeking to depose Defendants Gimber, New, Price, Scott, and Lashbrook,[1] as well as witnesses Patricia Stewart and Kelly Pierce. Again, he claims that depositions are needed so that he may question Defendants and witnesses on specifics regarding why Phat Puffs magazine and photos were deemed obscene and sexually explicit material and his retaliation claim. He cites to the Court's Order, in which Magistrate Judge Beatty denied Thornton's motion to compel Defendants to respond to certain interrogatories and noted that specifics on why the magazine and photos were prohibited might be better explored in a deposition than through written discovery. (*See* Doc. 119, p. 12-13).

*Pro se* litigants, like other civil litigants, are entitled to all of the discovery methods described in the Federal Rules of Civil Procedure. Thornton is free to take up to ten depositions without the Court's permission, but he must follow the procedures and make the necessary arrangements pursuant to Federal Rules of Procedure 30 and 31. He also is responsible for paying for any costs and expenses — including officer and witness fees.

---

[1] Thornton states that Lashbrook is no longer a defendant in this civil action. (Doc. 168-1, p. 2). Jacqueline Lashbrook remains a defendant, however, in her official capacity for the purpose of implementing injunctive relief. (*See* Doc. 158, p. 2).

To the extent that Thornton's motions, asking the Court to arrange the depositions, are construed as a request for funds, they are denied. The Court does not have the authority fund any and all discovery as *pro se* litigants may wish to conduct. *See McNeil v. Lowery*, 831 F.2d 1368, 1372 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."). *See also Whaley v. Erickson,* No. 05-C-898, 2006 WL 3692633 at *3 (E.D. Wisc. Dec. 11, 2006) ("Arranging for an officer to meet with the defendants and conduct numerous depositions would involve considerable expense and time.").

## II.     MOTION FOR THE RECRUITMENT OF COUNSEL (DOC. 163)

Thornton has filed a third motion asking the Court to recruit counsel on his behalf, which will be denied.[2] Thornton states he is unable to proceed *pro se* because his case involves complex issues, expert testimony will be required, he suffers from medical and mental health issues, and he barely has a high school education and limited knowledge of the law. Although the Court already determined that Thornton demonstrated reasonable efforts to locate counsel on his own without success, the Court is not persuaded that he requires court recruited counsel to assist him at this time. (*See* Doc. 119, p. 8). The First Amendment claims he asserts in this case regarding the denial of magazines and photos without a penological reason and retaliation are not so complex that they are beyond Thornton's capabilities at the discovery stage. The Court still does not find that expert testimony is likely to be necessary in this case, and Thornton

---

[2] In evaluating Thornton's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

continues to serve discovery requests on Defendants, file and respond to motions, and clearly communicate with the Court. (*Id.*). *See Powers v. Block,* 750 F. App'x 480, 485 (7th Cir. 2018) (affirming district court's ruling that an expert was unnecessary for the plaintiff to show retaliation or the inadequacy of his treatment). Thornton again has not explained why his mental or physical conditions would prevent him from coherently presenting his case, and his numerous filings suggest otherwise. Furthermore, as previously noted, Thornton has filed a number of civil lawsuits since he has been incarcerated and has extensive experience litigating them without the assistance of an attorney. (*See* Doc. 119, p. 8). For these reasons, the Court finds the Thornton is capable of litigating his claims on his own at this stage in the proceeding.

### III.   MOTION TO COMPEL DISCOVERY (DOC. 167)

Thornton has filed a motion to compel asking the Court to order Defendants to answer under oath his eighth and ninth set of interrogatories.

#### a. Interrogatory #8

On October 3, 2019, Thornton sent the following interrogatory: "Identify or state all policies and procedures and regulation from the IDOC and all internal manuals from Menard Correctional Center for the correctional counselors for June 2017 and February 2018 and June 2018." (Doc. 167, p. 12). Defendant Price objected to responding to merits discovery as her motion for summary judgment on the issue of exhaustion remained pending. Price also objected on the grounds that the request was vague, overbroad in time and scope, irrelevant, and not proportional to the needs of the case. (*Id.*). Thornton argues that Price's response failed to state that documents he previously received from

Defendants in response to his Document Request #5 were "in fact the actual and only documents in existence pertaining to…policies and procedures and regulations from I.D.O.C. and all internal manuals from Menard Correctional Center." (Doc. 167, p. 2).

The Court denies Thornton's request to compel for several reasons. First, the interrogatory was sent prematurely. The Court stayed merits based discovery on Thornton's claims against Price until the Court resolved the question of whether he had exhausted his administrative remedies and did not rule on the motion for summary judgment regarding exhaustion until December 9, 2019. (Docs. 68, 158). Second, the Court finds that Thornton did not make a good faith effort to resolve the discovery issue prior to involving the Court. *See* FED. R. CIV. P. 37(a)(1). His efforts to resolve the dispute regarding Interrogatory #8 by writing a single letter to defense counsel on November 12, 2019, is not sufficient. *See Shoppell v. Schrader,* No. 08-cv-284, 2009 WL 2515817 at 1 (N.D. Ind. Aug. 13, 2009) (finding that the defendant's single letter and brief telephone conversation with someone at the law office of plaintiff's counsel was insufficient) (citations omitted). Third, a disagreement with Defendant Price's answer and how she should have answered is not "the proper subject of a motion to compel." *Hashim v. Ericksen,* 14-cv-1265, 2016 WL 6208532, at *1 (E.D. Wisc. 2016). And finally, the Court finds that the question in Interrogatory #8 asking Defendant Price to identify policies and procedures for correctional counselors is essentially the same as Document Request #5 requesting the production of the same policies and procedures for correctional counselors (Doc. 167, p. 15) and thus, duplicative. *See* FED. R. CIV. P. 26(b)(2)(C)(i). As such, Thornton's request to compel further response to Interrogatory #8 is denied.

### b. Interrogatory #9

Thornton states that he sent a ninth set of interrogatories to Defendants on November 26, 2019. (Doc. 167, p. 3). The interrogatory asked, "State whether defendants Jacqueline Lashbrook, Cynthia Gimber, Misty New, Regina Price and Pamela Scott took particular legal positions and if so what their factual basis are regarding Plaintiff Thornton Third Amended Complaint." Defendants did not respond within thirty days. Thornton then sent a letter (*Id.* at p. 26) and Defendants served their response on January 14, 2020. In the response, Defendants object to the interrogatory as improper as it calls for a legal conclusion and for vagueness.

Thornton argues that Defendants waived their objection by failing to respond to the interrogatory within thirty days and not seeking an extension from the Court or agreement from Thornton. In response, Defendants argue that Thornton has gone beyond the fifteen interrogatories prescribed by the Court, and their failure to timely respond to one request out of "his eleven separate requests for interrogatories, six separate requests for production, and thirteen requests for admission separated over four separate documents" has not caused Thornton any prejudice. (Doc. 169, p. 3). The Court agrees. Again, not only has Thornton failed to resolve the issue directly with defense counsel regarding the objections raised in the response before filing a motion with the Court, but Thornton was limited to fifteen interrogatories in the Scheduling and Discovery Order and has not requested that this limit be increased.[3] (Doc. 160). The Court denies

---

[3] Although the interrogatory is labeled "Plaintiff's 9th Set of Interrogatories Under Rule 33," it is Thornton's sixteenth request. (Doc. 167, p. 24-25).

Thornton's request to compel an answer to the ninth set of interrogatories.

### IV.   MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES (DOC. 170)

Thornton requests that the Court lift its limitations on interrogatories as to each Defendant. (Doc. 170). Defendants filed a response in opposition, arguing that Thornton does not articulate what specific interrogatories he would like to pose or serve and only provides a few example questions. (Doc. 176). They state that Thornton has already sent ten requests for interrogatories containing approximately eighteen individual interrogatories, some with subparts to Defendants Lashbrook and New, as well as approximately sixteen requests for admission. While Defendants Gimber and Price's motion for summary judgment on the issue of exhaustion was pending, they did not respond to written discovery on the merits of the case. Now that the Court has ruled on the motion for summary judgment and extended the discovery deadline until October 9, 2020, Defendants state that Thornton can serve fifteen interrogatories and ten requests for admission to Defendants Gimber and Price. Thornton also can pose fifteen interrogatories and ten requests for admission to Defendant Scott, who was added in the Third Amended Complaint. Defendants argue that because Thornton has not completed written discovery and has not fully articulated why he feels the Court's limitations on discovery are unreasonable, the motion should be denied.

The Court does not find that Thornton has established good cause for increasing the limit on interrogatories. "Usually, 'good cause' is 'occasioned by something that is not within the control of the movant.'" *Pyles v. Nwaobasi*, 829 F.3d 860, 866 (7th Cir. 2016). Besides stating that he is entitled to obtain information about defenses and evidence and

that Federal Rule of Civil Procedure 26 allows him to have nonprivileged relevant material, there is no argument that good cause exists for increasing the number of interrogatories. Finally, it appears Thornton still has discovery requests to serve on three of the five defendants, and therefore, it is unclear why he is unable to obtain the answers to the additional questions he has within the limits set by the Court. Accordingly, the request for leave to serve additional interrogatories is denied.

V. **MOTIONS TO STRIKE (DOCS. 172, 173)**

Thornton states that he filed too many requests for admissions on Defendant New and asks the Court to strike her admissions numbered 1, 2, 3, and 7 in Doc. 88 from the record and the entirety of her response in Doc. 140 and Doc. 141. The motions to strike Defendant New's admissions are denied. Once an admission is made, "there is no need to revisit the point." *Banos v. City of Chi.,* 398 F.3d 889, 892 (7th Cir. 2005). However, the Court may allow a party to rescind an admission, and "the proper procedural vehicle through which to attempt to withdraw admissions…is a motion under Rule 36(b) to withdraw admissions." *United States v. Kasuboski,* 834 F. 2d 1345, 1349 (7th Cir. 1987). *See also United States Sec. and Exch. Comm'n v. Stifel,* No. 11-C-0755, 2016 WL 4471859 at *7 (E.D. Wisc. Aug. 24, 2016) ("A motion to strike is not available with respect to answers to a request for admission.") (quoting 7 James William Moore et al., *Moore's Federal Practice* § 36.12[1] (Matthew Bender 3d ed. 2016)). Not only has Thornton not properly filed a motion pursuant to Federal Rule of Civil Procedure 36, but it is not clear how the withdrawal of the admissions would better serve "the presentation of the merits of the case[.]" *Banos,* 398 F. 3d at 892.

## VI. MOTION FOR COPIES (DOC. 175)

Thornton asks the Court for copies of all the documents filed in this case because his documents were confiscated and not returned when he was placed in segregation. His request is denied. As Thornton has been advised, if he requires a copy of a filed document in this case, he must pay the coping fee of $.50 per page to the Clerk of Court. (*See* Doc. 33). As a onetime courtesy, the Clerk of Court will be directed to send to Thornton a copy of the docket sheet.

## VII. MOTION FOR EXTENSION OF TIME (DOC. 177)

The Motion for Extension of Time filed by Defendant Pamela Scott is granted; the response to Thornton's request for admissions is timely filed.

## VIII. MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (DOC. 171)

The Motion for Leave to File a Supplemental Complaint filed by Thornton remains pending. Defendants will be directed to respond to the motion by July 23, 2020.

## DISPOSITION

For the reasons provided above, the following motions filed by Thornton are **DENIED:** Motion to Take Depositions (Doc. 150), Motion to Take Non-Stenographic Depositions (Doc. 162), Motion for Recruitment of Counsel (Doc. 163), Motion to Compel Discovery (Doc. 167), Motion for Leave to Serve Additional Interrogatories (Doc. 170), Motion to Strike (Doc. 172), Second Motion to Strike (Doc. 173), and Motion for a Copy of the Status of the Case (Doc. 175). The Clerk of Court is **DIRECTED** to send Thornton a copy of the docket sheet.

The Motion for Leave to File Amended Motion to Take Non-Stenographic

Deposition (Doc. 168) is **GRANTED.** The Motion for Extension of Time filed by Defendant Scott (Doc. 177) is **GRANTED** and the response deemed timely file.

The Motion for Leave to File Supplemental Complaint (Doc. 171) filed by Thornton remains pending, and Defendants are **DIRECTED** to file a response to the motion by **July 23, 2020.**

**IT IS SO ORDERED.**

**DATED:   July 9, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**