IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, #Y19115, | |
| Plaintiff, | |
| v. | Case No. 17-cv-01296-NJR |
| JACQUELINE LASHBROOK, *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motion for leave to file supplemental complaint (Doc. 171), the motion directing the court to file supplemental complaint (Doc. 187), the motion for reconsideration (Doc. 183), and the motion for status (Doc. 182) filed by Plaintiff Charles Thornton.

Thornton has filed a motion for leave to file a supplemental complaint stating that since filing the complaint, he has "determined that Rebecca Naugle and Jacqueline Lashbrook should be included" as defendants. (Doc. 171, p. 1). The proposed supplemental complaint adds allegations that Rebecca Naugle and Warden Frank Lawrence denied his requests to receive a book titled "Current Medical Diagnosis and Treatment 2016" and an issue of the Phat Puffs magazine around the end of April or beginning of May 2019. The proposed supplemental complaint also names Jacqueline Lashbrook as a defendant in her individual capacity[1] and modifies the claims for relief.

---

[1] Jacqueline Lashbrook, the warden at Menard, is currently a defendant in this action in her official capacity

Because Thornton has filed his motion after the deadline to add parties and claims established in the scheduling order, he must first show good cause under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order before the Court considers whether justice requires leave to supplement. *See Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005). When determining good cause "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon,* 651 F. 3d 715, 720 (7th Cir. 2011).

Here, Thornton has requested to supplement the complaint over a year following the deadline to amend set by the Court. (*See* Doc. 39, p. 3). The Court previously advised Thornton that the deadline set in the scheduling order for amending the complaint to add new defendants or new claims was January 18, 2019, and that good cause must be shown in order to amend the scheduling order. (Doc. 39; Doc. 119, p. 3-4). While the allegations against Naugle and Lawrence occurred after the deadline, Thornton waited a year since the alleged incidences to file the current motion. Other than stating he has now determined that Rebecca Naugle, Jacqueline Lashbrook, and Frank Lawrence should be individually liable for constitutional violations and included in this lawsuit, Thornton has failed to explain why he has not attempted to file his motion sooner or ask for an extension of time. Accordingly, the Court finds that Thornton did not act with diligence in attempting to adhere to the deadline set in the scheduling order and does not find good cause for allowing Thornton to supplement the third amended complaint. Thus, the

---

only for the purpose of implementing any injunctive relief that may be ordered. (Docs. 10, 50).

motion for leave to file supplement complaint (Doc. 171) and the motion requesting the Court to instantly file the proposed supplemental complaint (Doc. 187)[2] are **DENIED**.

Thornton also asks the Court to reconsider its order denying his request to arrange depositions on his behalf. (Doc. 183). He argues that because he is representing himself, he should be allowed reimbursement of expenses from the District Court Fund, as is allowed to pro bono counsel under Local Rule 83.13. *See* SDIL-LR 83.1. The District Court Fund is limited, however, and provides reimbursement for the expenses incurred by an *attorney* representing an indigent plaintiff for free. Thornton is representing himself, and there "is no government fund from which a *pro se* litigant may recover [his] litigation expenses." *Wagner v. Rush-Presbyterian-St. Luke's Med. Ctr.*, No. 84 C 9060, 1986 WL 12605, at *1 (N.D. Ill. Oct. 31, 1986). *See also See Stewart v. Walker,* No. 05-1210, 2007 WL 3348359, at * 2 (C.D. Ill. Nov. 5, 2007) (quoting *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at * 1 (N.D. Ill. June 26, 1996) ("court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. Sec.1915(a).").

Thus, having found no error of law or fact, and no compelling reason to reconsider its prior order, the motion for reconsideration (Doc. 183) is **DENIED**. *See United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (district courts may reconsider previous rulings in the same ligation "if there is a compelling reason") (citations omitted); *Rothwell Cotton*

---

[2] "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court[,]" and thus, the motion is not automatically granted and the proposed supplement filed solely because Defendants failed to file a response. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt v. Serv. Emp. Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002)).

*Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Finally, the Court **GRANTS** the motion for status (Doc. 182). Currently, discovery is still being conducted and must be completed by **October 9, 2020**. (*See* Doc. 160, p. 2). The Clerk of Court is **DIRECTED** to send Thornton a copy of the docket sheet in this matter.

**IT IS SO ORDERED.**

**DATED:**   August 4, 2020

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**